# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WASTE MANAGEMENT OF LOUISIANA, L.L.C.** | : | **DOCKET NO. 06-1152** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **PENN-AMERICA INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## ORDER

This matter was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The court has reviewed the complaint and the notice of removal and has concluded that it is facially apparent that the requisite jurisdictional amount is in controversy. *See, Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).[1]

However, when jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citation omitted)(emphasis in citing source). This rule requires "strict adherence." *Id.* For purposes of diversity, the citizenship of an L.L.C. is determined by its members. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).[2] However, removing defendants have not identified the members and citizenship of

---

[1] The petition itemizes damages of more than $ 1 million. (Petition, ¶ 36).

[2] If a case involves an unincorporated association, the citizenship of each member must be considered. *Getty Oil, supra* (citation omitted). Under Louisiana law, a limited liability company is an unincorporated association. La. R.S. 12:1301A(10). However, the instant plaintiff is a Delaware L.L.C., and thus its status may differ under that state's law. Removing defendants shall address this issue in their amended notice of removal.

the plaintiff L.L.C. (Notice of Removal, ¶ 3). Accordingly, removing defendants are granted 11 calendar days from today to file an amended notice of removal pursuant to 28 U.S.C. §1653 which establishes complete diversity between the parties. If defendants fail to so comply, or if jurisdiction is lacking, then remand will be recommended.

Also before the court is plaintiff's motion to remand. [doc. # 13]. One of the issues raised by the motion is whether plaintiff has any reasonable possibility of recovery against the non-diverse, removing defendants. The Fifth Circuit has noted that, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990).

Accordingly, parties are hereby notified that if, *and only if*, we find that plaintiff has no possibility of recovery against the non-diverse defendants, then we will also enter summary judgment in favor of said defendants. On, or before August 21, 2006, the parties may submit any additional briefs and/or competent summary judgment evidence as to this issue.[3]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 8, 2006.

*/s/ Alonzo P. Wilson*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] The court observes that the non-diverse defendants have already filed a motion for summary judgment. [doc. # 10]. The parties may, if they wish, simply incorporate by reference the briefs and evidence previously submitted in connection with the motion for summary judgment.