UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| WASTE MANAGEMENT OF LOUISIANA, L.L.C. | : | DOCKET NO. 06-1152 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| PENN-AMERICA INSURANCE COMPANY, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's Motion to Remand [doc. # 13].[1]

### Background[2]

Following the Ice Storm of 1997, the city of Lake Charles contracted with Waste Management of Louisiana, L.L.C., to clean up the storm damage. In turn, Waste Management subcontracted the work out to Delta Exports, Inc. On February 7, 1997, Johnny L. Cobb sustained severe injuries when James Wright backed his front-end loader into Cobb's car. On May 22, 1997, Cobb filed suit against Delta Exports' insurer, Penn-America Insurance Company, under the theory that Wright was a borrowed employee of Delta Exports. On January 23, 1998, Cobb filed a first supplemental and amending petition alleging *inter alia*, that Wright was a borrowed employee of the City of Lake Charles, Waste Management, Delta Exports, and Jack Gibson.

In April 1998, Waste Management tendered its defense and indemnification to Delta

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

[2] The ensuing chronology is taken from the instant petition.

Exports and Penn-America pursuant to a purported hold harmless and indemnification agreement. Despite the apparent lack of any written agreement, Penn-America accepted the defense of Waste Management.

On August 27, 2001, Cobb filed a second amending and supplemental petition that alleged independent acts of negligence against Delta Exports and Waste Management. Originally, Richard Chopin, Esq., was the attorney of record for Delta Exports, Penn-America, and Waste Management. Eventually, Albert D. Giraud, Esq., of Ungarino and Eckert, L.L.C., was substituted as legal counsel for the foregoing parties. From April 1998, through April 2006, Penn-America paid for the defense of Waste Management. At some point between April 1998, and February 2004, Delta Exports sought bankruptcy protection.

A mediation of the Cobb suit was scheduled for April 1, 2004. By letter dated March 26, 2004, Charles Duhe, Esq., requested on behalf of Waste Management that every attempt be made to settle the matter within Penn-America's policy limits of $ 1 million plus legal interest, plus $5,000 medical payments coverage. At the mediation, Cobb offered to settle the matter for $ 2 million. Penn-America countered with $ 25,000. The next day, plaintiff offered to settle the case for $ 1 million plus legal interest. Penn-America counter-offered with $ 100,000. In the end, mediation proved unsuccessful.

The Cobb case proceeded to trial before a jury on April 13, 2004. Albert Giraud, Esq. continued to represent the interests of Waste Management, Delta Exports, and Penn-America. At the close of the trial, the jury returned a total damages award of approximately $ 2,267,000. Fault was apportioned as follows: 25 % to Wright, the driver of the front-end loader; 25 % to

Delta Exports, independently; and 50 % to Waste Management, independently.[3]

Following the jury verdict, the parties disputed the form of the judgment.  Because Delta Exports was insolvent, Cobb wanted all of Penn-America's coverage assigned to Delta Export's exposure.  In contrast, counsel for Penn-America, Delta Exports, and Waste Management argued that Penn-America's coverage should be divided equally between Delta Exports and Waste Management.  The district court entertained oral argument relative to this issue on June 9, 2004.  On July 2, 2004, judgment was entered against Waste Management in the amount of $1,133.741.85, plus legal interest.  The court allocated all of Penn-America's coverage solely to the insolvent defendant, Delta Exports.  A subsequent motion for new trial was denied.

Some time after June 17, 2005, Albert D. Giraud and his associate, Ginger K. Deforest, filed a brief on behalf of Delta Exports, Penn-America, and Waste Management with the Louisiana Third Circuit Court of Appeals.  On December 30, 2005, the court of appeals affirmed the trial court's decision.  On, or about January 30, 2006, Albert D. Giraud and another associate, J. Michael Nash, submitted a writ application to the Louisiana Supreme Court on behalf of  Delta Exports, Penn America, and Waste Management.  On April 24, 2006, the supreme court denied writs.  On May 15, 2006, Waste Management satisfied its portion of the Cobb judgment by tendering the sum of $ 1,807,188.87.

On May 25, 2006, Waste Management of Louisiana, L.L.C. filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.  Made defendants were:  Penn-America Insurance Company, Albert D. Giraud, J. Michael Nash, Ginger K.

---

[3] Wright was determined to be the borrowed employee of Delta Exports, and thus his fault was attributed to Delta.

Deforest, and ABC Insurance Company (the unknown professional liability carrier for the individual defendants). Plaintiff seeks recovery against Penn-America for *inter alia* breach of its contractual, statutory, and legal duty of good faith and fair dealing. Plaintiff seeks recovery against the attorney defendants for legal malpractice. Plaintiff seeks a judgment for $1,807,188.87, plus loss of use of the money, penalties, and attorney's fees.

On July 6, 2006, the attorney defendants removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On August 1, 2006, Plaintiff filed the instant motion to remand. In its motion, plaintiff does not appear to contest that the parties are diverse and that we may properly exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[4] Rather, plaintiff alleges that the case was improvidently removed because the attorney defendants are citizens of the forum state. 28 U.S.C. § 1441(b).

To circumvent this procedural defect in the removal process, removing defendants contend that plaintiff has no reasonable possibility of recovery against them, and that their presence should be disregarded for purposes of removal, *i.e.*, improper joinder.

On August 8, 2006, the undersigned issued an order notifying the parties that if the court found that plaintiff had no reasonable possibility of recovery against the in-state defendants, then summary judgment would be recommended *sua sponte* in favor of said defendants. Parties were invited to file any additional briefs and/or competent summary judgment evidence addressing the

---

[4] There are no allegations that plaintiff shares common citizenship with any of the defendants. However, in an August 8, 2006, Order, the undersigned noted that removing defendants had not properly identified the citizenship of plaintiff. *See*, August 8, 2006, Order. Accordingly, removing defendants were granted 11 calendar days to file an amended notice of removal addressing the deficient jurisdictional allegations. Yet, defendants did not comply. Removing defendants' failure to establish subject matter jurisdiction provides an additional basis for remand. *See*, *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986), and discussion, *infra*.

4

relevant issue(s). The matter is now before the court.

## Improper Joinder

A diversity case can be removed to federal court only if none of the "properly joined" and served defendants is a citizen of the forum state. 28 U.S.C. § 1441(b). Removing defendants allege that they have been improperly joined. If jurisdiction is alleged on the basis that in-state defendants have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, 544 U.S. 992, 125 S.Ct. 1825 (2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.* In resolving this issue, we must determine whether the removing defendants have demonstrated that plaintiff has "no possibility of recovery" against the in-state defendants; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state defendants. *Smallwood, supra*.

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state defendants under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* However, the "summary inquiry is appropriate only to

5

identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[5] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.*

Finally, if the removing defendants fail to establish improper joinder, then removal was improper, and remand is required. *Id.*

## Discussion

In the case *sub judice*, plaintiff contends that the individual defendants are liable for legal malpractice. Plaintiff alleges that defendants breached the applicable standard of care by continuing to represent Waste Management after Penn-America had sent a letter questioning coverage. Plaintiff further alleges that defendants breached their duty by failing to argue before the third circuit and the supreme court that Penn-America had waived any coverage defenses pursuant to *Steptore v. Masco Construction, Co., Inc.*, 643 So.2d 1213 (La. 1994).

Initially, we emphasize that all malpractice claims stemming from acts or conduct that were discovered, or should have been discovered more than one year prior to the filing of this suit, are perempted. La. R.S. 9:5605.[6] In this regard, it is manifest that by June 7, 2004, at the latest, Waste Management had retained outside counsel, and thus either knew or should have

---

[5] In other words, facts that can be easily disproved if not true. *Id.*

[6] The time periods set forth in § 9:5605 are peremptive. *Dauterive Contractors, Inc. v. Landry And Watkins*, 811 So.2d 1242, 1252-1253 (La. App. 3d Cir. 3/13/02); *Perez v. Trahant*, 806 So.2d 110, 114 (La. App. 1st Cir. 2001). Moreover, the "continuous representation rule" does not apply to peremptive periods. *Reeder v. North*, 701 So.2d 1291, 1298 (La.1997); *Dauterive, supra.*

6

known of any breaches of duty committed by the individual defendants prior to that date. *See*, Affidavit of Charles J. Duhe (Pl. Opp. to MSJ, Exh. 3).[7] Indeed, plaintiff has not responded to defendants' prescription/peremption argument.

The only remaining potential breaches of duty are the individual attorney defendants' continuing failure to withdraw as counsel for Waste Management in response to an apparent conflict of interest with Penn-America, and the attorneys' alleged substandard briefing and oral argument before the third circuit and/or the supreme court. In response to these arguments, the individual defendants have come forward with uncontroverted evidence that Waste Management refused their proposal to have other counsel substituted in their stead. (Affidavit of Albert Giraud, & Def. Exh. F). The attorney defendants have also adduced uncontroverted evidence that drafts of their briefs to be submitted on appeal were provided to counsel separately retained by Waste Management who raised no objections to the proposed filings. (Affidavit of Albert Giraud & Def. Exh. E).

Plaintiff argues that the memoranda submitted to the appellate courts by the defendants were deficient because they did not mention the decision of *Steptore v. Masco Construction, Co.*, 643 So.2d 1213 (La. 1994).[8] Moreover, plaintiff has adduced an expert opinion that the failure to cite *Steptore* violated the applicable standard of care. (Affidavit of Shelby McKenzie; Pl. Exh. 1). Plaintiff has also adduced evidence that at oral argument before the third circuit, defendants failed to address the insurance coverage issues despite being asked to do so by retained counsel

---

[7] *See also*, Affidavit of Thomas Hamilton. (Pl. Opp. to MSJ, Exh. 5).

[8] *Steptore* held that an insurer waives its coverage defense when with knowledge of facts indicating non-coverage under its policy, assumes or continues the insured's defense without obtaining a non-waiver agreement from the insured. Pl. Brief, pg. 16 (citing, *Steptore, supra*).

7

for Waste Management. (Affidavit of Lisa Brener; Pl. Opp. to MSJ, Exh. 4).[9]

In sum, plaintiff's petition alleges that the attorney defendants failed to exercise the appropriate standard of care with respect to its interests before the third circuit and the supreme court. (Petition, ¶ 35E). While the defenses offered by defendants may ultimately prevail, we cannot hold at this juncture that plaintiff has no reasonable possibility of recovery against the attorney defendants.

We caution that this is not a motion for summary judgment where after defendants make an initial showing, the burden of proof shifts to plaintiff to establish competent summary judgment evidence in support of each element of their claim against a particular defendant. Rather, in the context of a motion to remand, removing defendants have the onerous burden of proving no reasonable possibility of recovery by plaintiff against the in-state defendants.

We do not purport to express an opinion on the merits of the claims asserted against the attorney defendants. Nor do we even suggest that a Louisiana court will find that as a matter of law, and fact, they are liable. We only repeat the oft-cited principle that where the removing party grounds its allegations of improper joinder upon a theory that plaintiff cannot recover from an in-state defendant as a matter of law, this court is obliged to resolve all disputed questions of fact in favor of plaintiff, and then determine whether there could possibly be a valid cause of action set forth under state law. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981).

Removing defendants have not precluded the reasonable possibility that they could be

---

[9] While we realize that the attorney defendants may have been unable to raise the insurance coverage issue at oral argument due to the numerous other issues on appeal and the direction of questioning by the panel, we cannot so conclude in the absence of supporting evidence.

subject to liability under state law. The in-state defendants' continued presence thwarts removal. 28 U.S.C. § 1441(b). Remand is required. 28 U.S.C. § 1447(c).[10]

Plaintiff further seeks an award of fees and costs as a result of the improvident removal. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* ___ U.S. ___, 126 S.Ct. 704 (2005)

Here, the removing defendants argued that they had been improperly joined. Despite failing to prevail under the heightened standard for improper joinder, evidence and defenses were presented that may ultimately carry the day. Under these circumstances, we cannot conclude that the removing parties lacked "objectively reasonable" grounds to remove the case.

The Fifth Circuit has recently recognized that a component of "costs" under § 1447(c) are the costs assessable under Fed.R.Civ.P. 54(d)(1)). *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). Rule 54(d)(1) costs are not subject to the objective reasonableness test. *Id*. Rather, they "shall be allowed as of course to the prevailing party . . ." Fed.R.Civ.P. 54(d)(1). Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). Removing defendants have not overcome this presumption.

---

[10] Having found that plaintiff enjoys a reasonable possibility of recovery against the in-state defendants, we do not (and cannot) reach the issue of summary judgment. *See*, August 8, 2006, Order.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 13] be GRANTED.

IT IS FURTHER RECOMMENDED that Fed.R.Civ.P. 54(d)(1) costs be assessed against the removing defendants. 28 U.S.C. § 1447(c).[11]

IT IS FURTHER RECOMMENDED that movant's request for fees and costs be otherwise DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on October 12, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[11] The costs are limited to those incurred in federal court that would not have been incurred had the case remained in state court. *Avitts v. Amoco Production Co.* 111 F.3d 30, 32 (5th Cir. 1997). The costs are as specified in 28 U.S.C. § 1920. The amount of costs shall be determined by the Clerk of Court in the first instance. LR 54.3. An interactive version of AO Form 133 "Bill of Costs" can be found on the court's website: http://www.lawd.uscourts.gov/.